IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-55-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANGELO MCKINLEY COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Rocky Mount Police Department, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 10 March 2011 for the following offenses allegedly occurring on various dates between 1 April 2010 and 30 July 2010: conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (*i.e.*, crack) in violation of 21 U.S.C. § 846 (ct. 1); and distribution of 5 grams or more of cocaine base (*i.e.*, crack) in violation of 21 U.S.C. § 841(a)(1) (cts. 2-9). The evidence presented at the hearing showed that the charges arise from a series of recorded, controlled purchases of crack cocaine from defendant by a confidential informant

on the alleged offense dates. At one point, the authorities advised defendant that he was facing federal charges and he conducted several controlled purchases on behalf of the government. Notwithstanding his awareness that he was facing federal prosecution, he later resumed his drug trafficking activity and again sold crack cocaine to a confidential informant.

**Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including their multiplicity, their relative recency, and defendant's commission of the alleged offenses while on state probation for two drug offenses; defendant's significant criminal record for a person of his age (22), including one felony cocaine conviction, three misdemeanor drug convictions, another misdemeanor conviction, three failures to appear, and defendant's admitted use of marijuana on 10 March 2011, two weeks after being placed on supervised probation for his felony drug conviction; defendant's history of marijuana use and alcohol abuse; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's work schedule outside the home and seeming inability to effectively monitor defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, while defendant has resumed his schooling and

2

apparently could work at his mother's employer (a McDonald's) if released, these considerations do not offset the factors weighing heavily in favor of detention. In particular, defendant's decision to resume drug dealing knowing that he was the target of a federal prosecution undermines the court's confidence that there exist any pretrial conditions it could impose that would deter defendant from continued drug trafficking.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 22nd day of March 2011.

James E. Gates
United States Magistrate Judge